FOR THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| HANOVER PREST-PAVING CO. t/a HANOVER ARCHITECTURAL PRODUCTS, | : : : : | CIVIL ACTION |
| Plaintiff | : : | NO. |
| vs. | : : | |
| SI PEDESTAL, CORP., | : | |
| Defendant | : | |

# COMPLAINT

Plaintiff Hanover Prest-Paving Company, trading as Hanover Architectural Products ("Hanover") hereby brings this Complaint for damages and injunctive relief against Defendant SI Pedestal, Corp. ("SI Pedestal"), and hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under 35 U.S.C. § 271. SI Pedestal has infringed and continues to infringe on United States Patent No. 7,386,955/7,386,955 C1.

2. Accordingly, Hanover now brings this action against Defendant for patent infringement under 35 U.S.C. § 271.

10910307.1

## THE PARTIES

3. Hanover is a Pennsylvania Corporation having a principal place of business at 5000 Hanover Road, Hanover, Pennsylvania 17331.

4. SI Pedestal is a New York Corporation with a registered address at 9102 Colonial Road, 5G, Brooklyn, NY 11209.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1332 and 1338(a).

6. This Court has personal jurisdiction over Defendant by virtue of the fact that Defendant conducts substantial business in New York and resides in New York.

7. Venue in this Court is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND

8. Hanover is a 50-year-old manufacturer of quality concrete unit paving products.

9. Hanover designed and developed a unique paver pedestal assembly system that allows paving pedestals to be stacked, and which it patented under U.S. Patent No. 7,386,955/7,386,955 C1 (the "Hanover Patent").

10. Hanover has invested significant time, energy, and money advertising, promoting, and selling the product that is patented under the Hanover Patent, as well as ensuring the high quality of products it sells under the Hanover Patent.

11. The Hanover Patent is generally directed to a pedestal assembly having a pair of pedestals matingly engagable with each other in a vertically stacked relation in order to support corner portions of pavers, tiles, or like decking elements in edgewise juxtaposition above an underlying surface. A copy of the Hanover Patent is attached hereto as Exhibit A.

12. SI Pedestal manufactures and sells products, namely the stackable paver pedestal assembly known as Model H, as shown in Exhibit B, which infringes on the Hanover Patent (the "Infringing Product").

13. SI Pedestal has offered to sell and sold the Infringing Product within the United States.

14. Claim 1 of the Hanover Patent recites: a pedestal assembly for supporting corner portions of decking elements, in edgewise juxtaposition above an underlying surface, comprising:

> a first base and a separate companion base each having a plurality of corner support portions and a topside and a bottom side defining a predetermined thickness, said predetermined thickness of said first base being substantially identical to said predetermined thickness of said companion base;
>
> each of said first base and said companion base having abutments projecting upwardly from said topside a predetermined height that is greater than or equal to said predetermined thickness, at least one of said abutments extending between each adjacent pair of corner support portions; and
>
> said first base having apertures extending transversely therethrough offset from said abutments for receiving said abutments of said companion base when said first base and companion base are matingly engaged.

15. Defendant sells the Infringing Product which includes each and every element of claim 1 and therefore infringes claim 1.

16. Independent claim 8 of the Hanover Patent recites a stackable pedestal assembly for disposing corner edge portions of decking elements in edgewise juxtaposition above an underlying surface to form a deck, comprising:

> at least a pair of separate substantially-identical pedestal bodies each having a topside with a surface portion and a bottom side;

each of said pedestal bodies having a predetermined thickness between said surface portion of said topside and said bottom side;

each of said pedestal bodies having a first pair of upstanding abutment surfaces projecting upwardly from said topside along a first axis extending across said topside and a second pair of abutment surfaces projecting upwardly from said topside along a second axis disposed orthogonal to said first axis;

said abutment surfaces of each of said pedestal bodies projecting above said topside a distance greater than said predetermined thickness;

said abutment surfaces being operable to engage the corner edge portions of decking elements when the decking elements are supported in edgewise juxtaposition on said surface portion of said topside;

each of said pedestal bodies having through apertures disposed orthogonal to said pairs of abutment surfaces for receiving said abutment surfaces of said other one of said pedestal bodies when one of said pedestal bodies is matingly engaged with the other;

whereby when like pedestal bodies are stacked in mating engagement, the abutment surfaces of a lower one of the pedestal bodies projects above the topside surface portion of an upper one of the pedestal bodies.

17. Defendant sells the Infringing Product which includes each and every element of claim 8 and therefore infringes claim 8.

18. Independent claim 9 of the Hanover Patent recites: an assembly of fixed height stackable pedestals for supporting a plurality of corner portions of

decking elements in edgewise juxtaposition above an underlying surface to form a deck, comprising:

    at least a pair of substantially-identical fixed height pedestals each having a topside with corner support portions defined by intersecting first and second orthogonal lines of position;

    each of said fixed height pedestals having a first pair of abutments with surfaces projecting upwardly from said topside in first spaced relation on said first line of position and a second pair of abutments having surfaces projecting upwardly from said topside in second spaced relation on said second line of position, each of said first and second pairs of abutments of each of said fixed height pedestals being of a height that is greater than or equal to a thickness of said fixed height pedestal;

    said first pair of abutments of each of said fixed height pedestals being separated from one another on said first line of position a distance different from the spacing of said second pair of abutments on said second line of position; and

    each of said fixed height pedestals having through apertures on said first line of position and on said second line of position arranged to receive abutments of another one of said fixed height pedestals when said fixed height pedestals are matingly engaged with said first line of position of an upper one of said fixed height pedestals disposed orthogonal to said first line of position of said lower one of said fixed height pedestals.

    19.    Defendant sells the Infringing Product which includes each and every element of claim 9 and therefore infringes claim 9.

20. Independent claim 10 reads a pedestal assembly for supporting corner portions of decking elements in edgewise juxtaposition above an underlying surface to form a deck, comprising:

a first base plate having a plurality of corner support portions, a topside, and a bottom side, said topside and bottom side defining a predetermined fixed height of said first base plate;

at least one upstanding abutment projecting integrally from said topside of said first base plate between a pair of said corner support portions of said first base plate, said upstanding abutment extending to a height above said topside of said first base plate that is greater than or equal to said predetermined fixed height of said first base plate; and

a second separate base plate having a plurality of corner support portions, a topside, and a bottom side, said topside and bottom side of said second base plate defining a predetermined fixed height of said second base plate which is substantially identical to said predetermined fixed height of said first base plate;

said second base plate having at least one aperture extending transversely through said second base plate and forming openings in said topside and bottom side of said second base plate, said aperture being located between a pair of said corner support portions and being of a size for receiving said abutment of said first base plate.

21. Defendant sells the Infringing Product which includes each and every element of claim 10 and therefore infringes claim 10.

22. SI Pedestal has been aware of the Hanover Patent and its infringement thereof since at least June 2023, when undersigned counsel sent SI Pedestal

10910307.1

correspondence which specifically identified the Hanover Patent and the Infringing Product.

23. At the time Defendant chose to produce, manufacture, advertise, and sell the Infringing Product, it was well-aware of Hanover's rights and its infringement.

24. Though Hanover has sent SI Pedestal several correspondences notifying it of its patent infringement and demanding that it immediately remove the products infringing on the Hanover Patent from the marketplace, SI Pedestal has nevertheless willfully refused to take any action to abate its continuing infringements and violations of Hanover's rights.

25. Defendant continues to produce and market its Infringing Product.

26. Defendant's conduct is willful and represents a conscious disregard for Hanover's rights.

## COUNT ONE: PATENT INFRINGEMENT

27. Hanover repeats and realleges all foregoing paragraphs as if fully set forth herein.

10910307.1

28. Defendant has directly infringed, and continues to directly infringe at least claims 1, 8, 9 and 10 of the Hanover Patent by its manufacture, sale, and advertisement of the Infringing Product.

29. Defendant's infringement of the Hanover Patent has been and continues to be willful under 35 U.S.C. § 284 because Defendant has acted with knowledge of the Hanover Patent and knowledge and notice that its actions constitute infringement of the Hanover Patent, or have at least acted with knowledge of an objectively high likelihood that its actions constitute infringement of the Hanover Patent.

30. Defendant's actions render this an exceptional case under 35 U.S.C. § 285.

31. Hanover has complied with the statutory requirement of giving notice of the Hanover Patents to Defendant by sending correspondence beginning in June 2023 to SI Pedestal, in which Hanover identified and provided a copy of the Hanover Patent and alleged that the Infringing Product infringed on the Hanover Patent.

## **CLAIM FOR RELIEF**

Hanover respectfully requests that this Court award the following relief:

A.     Enter a permanent injunction enjoining and restraining Defendant from manufacturing, producing, advertising, or selling the Infringing Product;

B.     An accounting and judgment against Defendant for all profits or other income received from or in connection with the Infringing Product;

C.     Such other and further relief as the equities of the case may require and as this Court may deem just and proper under the circumstances.

                BARLEY SNYDER

                By: */s/ Joshua Schwartz*
                    Joshua Schwartz, Esq.
                    NY Attorney ID No. 4400610
                    jschwartz@barley.com
                    100 East Market Street
                    York, PA 17401
                    717-846-8888
                    Fax: 717-843-8492
                    Attorneys for Plaintiff